UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SERGIO GONZALEZ, individually and on behalf of all others similarly situated | ) ) ) | |
| PLAINTIFF, | ) ) | Civil Action No. 14-cv-9424 |
| v. | ) ) | Hon. Ruben Castillo |
| FMS, INC., | ) ) | Magistrate Judge Sidney I. Schenkier |
| DEFENDANT. | ) ) | |

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Now comes, Plaintiff, Sergio Gonzalez, individually and on behalf of all others similarly situated, and for his Memorandum in Response to Defendant's Motion to Dismiss, states as follows:

**I.      INTRODUCTION**

Defendant seeks to dismiss this putative class action pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that "Plaintiff's claims have no merit and should be dismissed for failure to state a claim upon which relief can be granted". (Dkt. #17, Page 1). Defendant has also filed a separate Motion to Dismiss and Compel Arbitration, which has been stayed pending the disposition of Defendant's Motion to Dismiss for failure to state a claim. (Dkt. #29, Order Staying Motion to Dismiss and Compel Arbitration). This Response will respond solely to Defendant's Motion and Memorandum filed on January 28, 2015 and will not address the arbitration issue.

Defendant's argument consists of it's repeated claim that the account number in question on the envelope is a "string of numbers…absolutely meaningless to any person or entity other than FMS" (Dkt. #17, Page 2). Additionally, Defendant claims that this is "benign language" that

should not be considered a violation under 15 U.S.C. § 1692f(8) of the FDCPA. The Seventh Circuit has not ruled on whether there is a "benign language" exception to § 1692f(8) and Defendant's assertion that the account number is meaningless is simply an assertion with no additional evidence.

Defendant argues that the Seventh Circuit's "unsophisticated consumer" standard bars this suit. The "unsophisticated consumer" standard does control, but Defendant's argument that it bars Plaintiff's suit is nonsensical. Because Plaintiff's claims are based on Defendant's unlawful disclosure of personal information in violation of § 1692f(8), there is no need to attempt to discern the viewpoint of a hypothetical consumer. Plaintiff is not arguing that the letter was *confusing* to the unsophisticated consumer and is not asking this Court to determine what an unsophisticated consumer would *believe*. Defendant's violation of the FDCPA is rooted in the disclosure of private information. Because there are no arguments regarding confusion in the letter and the letter does not need interpretation, the "unsophisticated consumer" standard cannot bar Plaintiff's claim.

Defendant also argues that, as a matter of law, the account number being visible on the face of the envelope cannot be considered unfair or unconscionable means to collect a debt. (Dkt. #17, Page 11). This is despite the clear language of § 1692f(8) which prohibits any markings on an envelope by a debt collector, except for two enumerated exceptions—neither of which is present here. Defendant cites no persuasive case law for this argument, especially in light of the fact that the alleged violation is a *per se* violation of §1692f which governs unfair and unconscionable means to collect a debt under the FDCPA.

Finally, Defendant argues that *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3rd Cir. 2014) is simply wrong and should not be considered by this Court. In *Douglass*, the Third

Circuit Court of Appeals, the only Circuit to specifically look at the central issue in Plaintiff's allegations, found that a debt collector who printed a consumers account number in an area visible on the outside of an envelope violated § 1692f(8). Defendant is correct that this Court is not bound by *Douglass*, but this case, which dealt with the exact same question as that in this case, is persuasive authority which supports the denial of Defendant's Motion.

## II.  STANDARD

Generally, in reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.,* 205 F.3d 323, 326 (7th Cir. 2000); *Capitol Leasing Co. v. FDIC,* 999 F.2d 188, 191 (7th Cir. 1993). Documents which are referred to in a complaint and are central to a claim, as well as any matters of public record, may be considered on a motion to dismiss. *See Albany Bank & Trust Co. v. Exxon Mobil Corp.,* 310 F.3d 969, 971 (7th Cir. 2002); *Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994). A plaintiff is not required to plead the facts or elements of a claim. *See Swierkiewicz v. Sorema,* 534 U.S. 506, 511, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *Walker v. Thompson,* 288 F.3d 1005, 1007 (7th Cir. 2002).

Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (*Conley*). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.,* 58 F.3d 295, 297 (7th Cir. 1995).

The FDCPA "is a strict liability statute, and debt collectors whose conduct falls short of its requirements are liable irrespective of their intentions." *Ruth v. Triumph P'ships*, 577 F.3d 790, 805 (7th Cir. 2009).

### III. ARGUMENT

Since its passage in 1977, the Fair Debt Collection Practices Act ("FDCPA") has carried a short and unambiguous provision concerning what a debt collector may and may not place on an envelope that it mails. 15 U.S.C. § 1692f(8) prohibits a debt collector from:

> **"using any language or symbol other than the debt collector's address, on any envelope when communicating with a consumer by the use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business."**

This section is abundantly clear as to what a debt collector is allowed to place on an envelope when communicating with a debtor by the use of the mails. Despite this clear instruction, FMS chose to place into the mails collection correspondence to Mr. Gonzalez (and to the putative Class) that displayed, among other things, his account number in the glassine window of the envelope, making it visible on the face of the envelope. Defendant argues that under no circumstances could this be considered a violation of the Act. Defendant's arguments are clearly erroneous for a number of reasons.

#### A. Purpose and Background of the FDCPA

Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* 130 S.Ct. 1605, 1608, 176 L.Ed.2d 519 (2010); *see also Keele v. Wexler,* 149 F.3d 589, 594 (7th Cir. 1998) ("the FDCPA is designed to protect consumers from the

unscrupulous antics of debt collectors, irrespective of whether a valid debt actually exists"); "Because the FDCPA is designed to protect consumers, it is liberally construed in favor of consumers to effect its purpose." *Ramirez v. Apex Fin. Mgmt., LLC*, 567 F. Supp. 2d 1035, 1040 (N.D. Ill. 2008).

The text of § 1692f(8) contains only two exceptions to the prohibition of almost any language or symbol on an envelope, and allows **only** that: (1) the collector may use his address; and (2) the collector "may use his business name if such name does not indicate that he is in the debt collection business." That is the entirety of the exemptions in this section. There is no enumerated exception in § 1692f(8) for additional texts or symbols that do not disclose that it is a debt collection letter. Applying the canon of *Expressio unius est exclusio alterius,* no other exemptions can be said to exist. Nor is there an enumerated exception under that section, for "benign language" or a "meaningless strings of numbers". Simply put, there is absolutely nothing in § 1692f(8) that permits a collector to disclose a consumer's personal identifying information such as their account number or other information that can identify a consumer, even if it is only within the debt collector's internal systems, as Defendant FMS asserts, and even if it does not identify the letter as being from a debt collector.

It is clear that Congress intended to create a bright-line rule to protect consumer privacy. The broad and remedial nature of the FDCPA was intended to protect consumers' private information, among other things. Thus, a bright-line rule helps ensure that there is not a continual attempt by debt collectors to create new exemptions through the courts for conduct that the plain and unambiguous language of the Act prohibits.

**B. There is no reason to believe that there should be a "benign language" exception within §1692f(8)**

Defendant FMS argues that the account number should be considered "benign language" as it claims that the account number does not implicate Plaintiff's privacy and does not make clear it is a communication from a debt collector. However, because §1692f(8) is clear in what is allowed on the face of the envelope as provided within the enumerated exemptions, the fact that account numbers are not listed as allowable exceptions torpedoes Defendant's argument. This principle of construction is significant because "where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent." *TRW v. Andrews,* 534 U.S. 19, 28 (2001). By placing extraneous language in the form of a string of numbers containing Plaintiff's account number, visible through the window of its collection envelopes, FMS violated the Act's prohibition. Application of a strict liability standard to §1692f(8) claims renders FMS liable. *Ruth v. Triumph P'ships,* 577 F.3d 790 (7th Cir. 2009).

Because placing an account number on the face of an envelope violates the Act's plain language, this Court need not and should not go further to attempt to divine legislative intent or examine legislative history as Defendant urges. Resorting to supposed legislative intent in the face of an unambiguous statute would contravene over a century of settled precedent in the law of statutory construction. *See Merchants Insurance v. Ritchie,* 72 U.S. 541 (1866)("it is quite possible that this effect of the Act ... was not contemplated by Congress ... but when terms are unambiguous we may not speculate on the probabilities of intention."); *Anderson v. Wilson,* 289 U.S. 20, 27 (1933)("we do not pause to consider whether a statute differently conceived and framed would yield results more consonant with fairness and reason. We take the statute as we find it.*");* ("the starting point in every case involving the construction of a

statute is the language itself.", *Canadian Imperial Bank of Commerce Trust Co. v. Fingland,* 615 F.2d 465, 468 (7th Cir. 1980), quoting *International Brotherhood v. Daniel*, 439 U.S. 551, 558, 99 S.Ct. 790, 795, 58 L.Ed.2d 808 (1979).

The Seventh Circuit has not ruled on whether there is any "benign language" exception for §1692f(8). Under Defendant's "benign language" scenario that it proposes this Court adopt, decisions would be made by individual judges on an *ad-hoc* basis rather than resorting to the clear language of §1692f(8). Furthermore, Defendant urges this Court to find that there is no possible scenario that it's disclosure violates the Act, despite strong evidence of the opposite.

Adopting a *de facto* exemption for "benign language", especially at this early stage, would tend naturally to *restrict* the reach of this remedial Act. Such would be at odds with the requirement to interpret and apply the FDCPA liberally and broadly, with the goal of strict compliance with provisions protecting consumer privacy.

## C. Application of the clear language of §1692f(8) would not create any "bizarre" or "absurd" result and is consistent with the intent of the FDCPA

Defendant further argues that "it is impossible to believe that listing a 15 digit number on a letter that could be visible through an envelope is one of the abuse, deceptive or unfair practices contemplated when the FDCPA was enacted or furthers the goal of the Act." (Dkt. #17, Page 12). Defendant's argument is without merit, as the placing of the account number is clearly prohibited by the plain language of §1692 f(8). In enacting this section of the FDCPA, Congress intended to create a bright line rule to ensure that debtors could preserve privacy.

Defendant's argument that §1692 f(8), if followed strictly, would create absurdities is also wrong and illogical. In *Peter v. G.C. Services, L.P.,* 310 F.3d 344 (5th Cir. 2002), the District Court dismissed a case alleging violations of §1692 f(8) in part on the premise that a literal reading of the statute would create an alleged "absurdity" because it would prohibit

placing even the address of the debtor or a stamp on the envelope. *Peter,* 310 F. 3d at 351. The Court of Appeals rejected that "absurdity" approach recognizing "The language 'use of mails' within the provision implies that mail is an appropriate form of communication between collection agencies and debtors. Concomitant with this recognition is a statutory allowance for those items that are necessary for an envelope to move through the mails." *Peter v. G.C. Services L.P.,* 310 F.3d 344 (5th Cir., 2002). Thus, "if § 1692f(8) is read as a whole, no absurd result ensues, meaning we need not inquire beyond the statutory text." *Id.* The collector invited the Court of Appeals to adopt a so-called "benign language" exception as several other district courts had done but the Court declined to determine that issue at that time.

FMS additionally argues that the numbers are meaningless and useful only in their internal systems. (Dkt. #17, Page 11). However, this is a question of fact which cannot be determined at this early stage in the case. FMS also argues that that the "String of numbers" is not an account number. This is disingenuous, as the string of numbers in fact contains the entire account number. Notably, Defendant has admitted that the 15-digit string clearly visible on the outside of the envelope contains the full account 8-digit number for Plaintiff's personal account. (Dkt. #17, Page 2, Footnote 2). Because of this, Defendant has admittedly disclosed the account information, but has also added additional numbers thereafter. The result is the same: Defendant has disclosed Plaintiff's account number, as well as that of other consumers to which it duns. The clear language of §1692f(8) proscribes Defendant's actions.

**D.**     **The only Circuit Court to rule on this exact issue held that disclosing the personal account number on the face of an envelope was a violation of §1692f(8)**

Defendant cites two circuit opinions in support of it's request that this Court adopt a "benign language" exception to § 1692f(8) and hold that the account number

disclosed on the envelope was benign and non-actionable. None of these cases are on point with Plaintiff's allegations.

Defendant first cites to *Strand v Diversified Collection*, 380 F.3d 316, 317 (8th Cir. 2004), where the Eighth Circuit held that placing the phrases "personal and confidential" and "immediate reply requested" along with a corporate logo that did not indicate debt collection activity, did not violate §1692f(8) and holding that a strict interpretation would create "bizarre results". (Dkt. #17, Page 7). Defendant also cites to *Goswami v. American Collections*, 377 F.3d 488, 494 (5th Circuit 2004), where the Fifth Circuit held that placing the words "priority letter" on envelope to a debtor did not violate the FDCPA as it was "benign language". (Dkt. #17, Page 8).

Defendant FMS also argues that Federal Trade Commission staff commentary and a Senate report show that the account number should be exempted from §1692f(8). (Dkt. #17, page 9). However, neither of these address the type of violation alleged in this action, where Defendant printed an account number that could be used to identify Plaintiff, even if it was only within Defendant's internal systems. Furthermore, the FTC staff commentary is not legislative in nature and the senate statements are unnecessary since a court is not obligated to try and parse legislative intent when the statute is clear on its intentions, as is the case here.

Because the 7th Circuit has not found there to be any "benign language" exception to §1692f(8), neither *Goswami* nor *Strand* control. However, the only case that directly analyzes whether placing an account number on the face of an envelope violates the FDCPA is *Douglass v. Convergent Outsourcing*, which found that it could be a violation of the section. The Third Circuit in *Douglass* went on to state, after analyzing *Goswami* and *Strand*, that:

> **[T]he disclosures in *Goswami* and *Strand* do not raise the privacy concerns present in this case. The "priority letter" marking in *Goswami* revealed no information about**

**the debtor. 377 F.3d at 494. Nor did the corporate logo and markings reading "PERSONAL AND CONFIDENTIAL" and "IMMEDIATE REPLY REQUESTED" in Strand.** (*Douglass*, 765 F.3d. at 304-305).

The Third Circuit went on to hold "these courts did not confront an envelope that displayed core information relating to the debt collection and susceptible to privacy intrusions." *Douglass,* 765 F.3d at 305.

*Douglass* is exactly on point in this case, as it also dealt with a debt collector who mailed envelopes to alleged debtors where the personal, internal account number was visible on the outside of the envelope. The Defendant in *Douglass*, like here, argued that the string of numbers was "meaningless" and only of use to the debt collector in their internal systems. The Third Circuit in *Douglass* found that because disclosing this information was a clear violation of §1692f(8) and because there were privacy implications, even if they were not obvious, this practice was a violation of the Act.

While this Court is not bound by *Douglass*, its logic and the explicit language of the FDCPA light a clear path to plausibility. Therefore, Defendant cannot credibly assert that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

## IV.     CONCLUSION

Accordingly, Plaintiff respectfully requests that this Court deny Defendant's motion to dismiss pursuant to 12(b)(6).

**Dated: April 16, 2015**                                Respectfully submitted,

                                                    By:     /s/ *Bryan Paul Thompson*
                                                            One of Plaintiff's Attorneys

Michael Wood
Andrew Finko

Bryan Thompson
***Wood Finko & Thompson P.C.***
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)265-3227

## CERTIFICATE OF SERVICE

      I, Bryan Paul Thompson, an attorney, hereby certify that on April 16, 2015, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: April 16, 2015**                                                                                      Respectfully submitted,


                                                                         By:     /s/ *Bryan Paul Thompson*

Michael Wood
Andrew Finko
Bryan Thompson
***Wood Finko & Thompson P.C.***
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)476-1362
mwood@woodfinkothompson.com
afinko@woodfinkothompson.com
bthompson@woodfinkothompson.com