UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SERGIO GONZALEZ, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>FMS, INC.,<br><br>　　　　　　Defendant. | No. 14 C 9424<br><br>Chief Judge Rubén Castillo |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sergio Gonzalez brings this putative class action against Defendant FMS, Inc. pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA" or the "Act"). (R. 10-1, Second Am. Compl.) Presently before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 16, Def.'s Mot. to Dismiss.) For the reasons stated below, the Court grants Defendant's motion.

### BACKGROUND

Plaintiff is a resident of Illinois. (R. 10-1, Second Am. Compl. ¶ 3.) Defendant is an Oklahoma corporation engaged in the business of debt collection. (*Id.* ¶ 4.) Defendant is licensed as a collection agency in Illinois and attempts to collect consumer debts via mail and telephone. (*Id.* at ¶¶ 5-6.) On November 27, 2013, Defendant mailed Plaintiff a dunning letter, attempting to collect a defaulted consumer debt tied to a Citibank, N.A./Sears Charge Plus credit card. (R. 10-1, Second Am. Compl. ¶ 12; R. 5-1, Ex. C at 6.) The letter was mailed in a windowed envelope that revealed Plaintiff's name and address, as well as a fifteen-digit number.

(*Id.* ¶¶ 18-21.) Embedded within the fifteen-digit number was an eight-digit account number representing Plaintiff's debt assigned by Defendant. (*Id.* ¶ 20; *see also* R. 34, Pl.'s Resp. at 8.)

On November 24, 2014, Plaintiff filed a one-count putative class action complaint alleging that Defendant violated Section 1692f(8) of the FDCPA by sending Plaintiff a letter with the numbers on the envelope. (R. 1, Compl. ¶ 28.) On December 15, 2014, Plaintiff filed an amended complaint.[1] (R. 5, First Am. Compl.) On December 31, 2014, Plaintiff moved for leave to file a second amended complaint instanter to correct a pleading error. (R. 10, Pl.'s Mot. to Amend/Correct.) The Court granted this request. (R. 12, Min. Entry.) In the second amended complaint, Plaintiff again alleges that displaying the fifteen-digit number on the envelope violated the express provisions of Section 1692f(8). (R. 10-1, Second Am. Compl. ¶ 28.) He seeks statutory damages, as well as attorneys' fees and costs under 15 U.S.C. § 1692k(a). (*Id.* at 7.)

On January 28, 2015, Defendant filed a motion to dismiss under Rule 12(b)(6) arguing that the second amended complaint fails to state a claim for relief. (R. 16, Def.'s Mot. to Dismiss.) In Defendant's view, the numbers on the envelope did not violate the Act because they did not disclose that the mailing was from a debt collector or otherwise invade Plaintiff's privacy. (R. 17, Def.'s Mem. at 2.) On April 16, 2015, Plaintiff filed a response to Defendant's motion arguing that displaying the numbers constituted a *per se* violation of the FDCPA. (R. 34, Pl.'s Resp.) On April 27, 2015, Defendant filed a reply in support of its motion. (R. 35, Def.'s Reply).

---

[1] Plaintiff filed a motion for class certification along with the first amended complaint, (R. 6, Pl.'s Mot. for Class Cert.), but later sought to withdraw the motion with leave to renew it at a later stage of the litigation, (R 32, Pl.'s Stip. to Withdraw Mot. for Class Cert.). The Court granted Plaintiff's request. (R. 33, Min. Entry.) The Court notes additionally that Defendant has filed a separate motion to dismiss and to compel arbitration (R. 26), which has been stayed pending the Court's ruling on the present motion, (R. 29).

## LEGAL STANDARD

Under federal pleading standards, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion "challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). In deciding a motion under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the non-movant, accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in the non-movant's favor.[2] *Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014). A complaint will survive dismissal when it "contain[s] sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This "plausibility standard" requires more than a "sheer possibility that the defendant acted unlawfully." *Id.* While factual allegations are assumed to be true, dismissal is proper when allegations "stop short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 678-79 (citing *Twombly*, 550 U.S. at 557). In other words, "a plaintiff must do better than

---

[2] In deciding a motion to dismiss, the Court can consider "allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). Plaintiff submitted three attachments with his first amended complaint, including the letter and envelope sent to him by Defendant. (R. 5, Exs. A-C.) The second amended complaint references these documents but fails to attach them. (*See* R. 10-1, Second Am. Compl.) For the sake of expedience, the Court has considered the documents submitted with the earlier pleading rather than requiring Plaintiff to correct the error and refile his complaint for a fourth time. Because these documents are referenced in the second amended complaint and are central to Plaintiff's claim, they can properly be considered in any event. *See Williamson*, 714 F.3d at 436.

putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

## ANALYSIS

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged[.]" 15 U.S.C. § 1692(e). To this end, the FDCPA "generally prohibits debt collectors from engaging in abusive, deceptive, or unfair debt-collection practices." *Gburek v. Litton Loan Serv. LP*, 614 F.3d 380, 384 (7th Cir. 2010) (internal quotation marks and citation omitted). The Act applies if a defendant qualifies as a "debt collector" and the communication at issue was made "in connection with the collection of any debt."[3] *Id.* (quoting 15 U.S.C. §§ 1692c(a)-(b), 1692e, and 1692g.) Under Section 1692f of the FDCPA, debt collectors are prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. That Section includes a non-exhaustive list of practices that are considered to be "unfair or unconscionable." *See* 15 U.S.C. § 1692f(1)-(8). At issue here is Section 1692f(8), which prohibits the following conduct:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such a name does not indicate that he is in the debt collection business.

15 U.S.C. §1692f(8).

The FDCPA "is a strict liability statute," meaning that "debt collectors whose conduct falls short of its requirements are liable irrespective of their intentions." *Osborn v. J.R.S.-I., Inc.*,

---

[3] For purposes of this motion, the parties do not dispute that Defendant is a debt collector or that Defendant's letter was sent in connection with the collection of a debt as defined by the Act. (*See* R. 10-1, Second Am. Compl. ¶ 3-4; R. 17, Def.'s Mem.)

4

949 F. Supp. 2d 807, 810 (N.D. Ill. 2013) (citing *Ruth v. Triumph P'ships*, 577 F.3d 790, 805 (7th Cir. 2009)). Whether a debt collector's conduct violates the FDCPA must be viewed from the lens of an "unsophisticated consumer." *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009); *see also Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000) ("Practices purporting to violate the [FDCPA] must be viewed from the objective standard of an 'unsophisticated debtor.'" (citation omitted)). The unsophisticated consumer is "uninformed, naïve, or trusting," but possesses "rudimentary knowledge about the financial world, is wise enough to read collection notices with added care . . . and is capable of making basic logical deductions and inferences." *Gruber v. Creditors' Prot. Servs.*, 742 F.3d 271, 273 (7th Cir. 2014) (internal quote marks and citation omitted); *see also Wahl*, 556 F.3d at 645 ("The 'unsophisticated consumer' isn't a dimwit."). The unsophisticated consumer does not interpret communications from a debtor "in a bizarre or idiosyncratic fashion." *Gruber*, 742 F.3d at 274 (citation omitted).

Whether a particular practice is unfair or unconscionable in the eyes of an unsophisticated consumer is often a question of fact, and thus "district courts must act with great restraint when asked to rule in this context on a motion to dismiss[.]"[4] *McMillan v. Collection Prof'ls Inc.*, 455 F.3d 754, 759-60 (7th Cir. 2006). However, "[that] does not mean that the unsophisticated consumer test can never be resolved at the pleading stage." *Thompson v. CACH,*

---

[4] The Court notes that *McMillan* was decided under the more lenient, pre-*Iqbal* Rule 12(b)(6) standard under which "[t]he plaintiff's claims should survive dismissal if relief could be granted under any set of facts that could be proved consistent with the allegations." *McMillan*, 455 F.3d at 758. This standard, first adopted by the U.S. Supreme Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), has since been "retired" and replaced by the plausibility standard. *See Twombly*, 550 U.S. at 563 ("after puzzling the profession for 50 years" the *Conley* formulation "has earned its retirement"); *see also Bank of America, N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("*Iqbal* and *Twombly* hold that a complaint must be dismissed unless it contains a plausible claim."). Plaintiff incorrectly cites to the outdated *Conley* standard in response to the motion to dismiss. (*See* R. 34, Pl.'s Resp. at 3 (citing *Conley*, 355 U.S. at 45-46).)

*L.L.C.*, No. 14 C 0313, 2014 WL 5420137, at *5 (N.D. Ill. Oct. 24, 2014) (citation omitted). The U.S. Court of Appeals for the Seventh Circuit has recognized that "there will be occasions when a district court will be required to hold that no reasonable person, however unsophisticated, could construe the wording of the communication in a manner that will violate the statutory provision." *McMillan*, 455 F.3d at 760; *see also Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 776 (7th Cir. 2007) (holding that whether a communication is false or misleading under 15 U.S.C. § 1692e, although often an issue of fact, can be decided at the pleading stage where the plaintiff "rest[s] on the text of the communication" and the communication is not false or misleading on its face).

In this case, Plaintiff claims that the presence of the numbers on the envelope constituted a *per se* violation of Section 1692f(8). (R. 10-1, Second Am. Compl. ¶ 28.) Plaintiff argues that, as a policy matter, adherence to the statute's plain language barring the use of "any language or symbol" on an envelope's face will prevent debt collectors from creating "new exemptions through the courts for conduct that the plain and unambiguous language of the Act prohibits." (R. 34, Pl.'s Resp. at 5.) On the other hand, Defendant argues that a strict reading of the statute would lead to bizarre and impracticable results. (R. 17, Def.'s Mem. at 7.) For example, Defendant points out that a literal reading would prohibit stamps or postal marks from appearing on the envelope's face. (*Id.* at 6-7.) Defendant argues that the presence of the numbers on the envelope could not possibly constitute an unfair or unconscionable debt collection practice. (*Id.* at 9-12.)

Although the Seventh Circuit has not decided this precise issue, two other Circuits interpreting Section 1692f(8) have distinguished between "benign" language or symbols and those that are harmful or potentially harmful to the consumer. *See Goswami v. Am. Collections*

*Enter., Inc.*, 377 F.3d 488, 494 (5th Cir. 2004); *Strand v. Diversified Collection Serv.*, 380 F.3d 316, 318-19 (8th Cir. 2004). The U.S. Court of Appeals for the Fifth Circuit held that a half-inch blue bar and the words "Priority Letter" on a debt collection envelope did not violate Section 1692f(8) despite the plain language of the statute, because the markings did not in any way suggest that "the contents of the envelope relate[d] to the collection of delinquent debts." *Goswami*, 377 F.3d at 494. Similarly, the U.S. Court of Appeals for the Eighth Circuit held that Section 1692f was only intended to prohibit unfair and unconscionable debt collection practices; therefore, it held that a debt collector did not violate the Act by including a corporate logo and the words "PERSONAL AND CONFIDENTIAL" and "IMMEDIATE REPLY REQUESTED" on a debt collection envelope, because these markings did not "reveal the source or purpose of the enclosed letters." *Strand*, 380 F.3d at 317-19. The Eighth Circuit concluded that "an interpretation of § 1692f(8) exempting benign words and symbols better effectuates Congressional purpose," and avoids "bizarre and impracticable consequences." *Id.* at 319.

Numerous district courts, both in this District and elsewhere, have recognized that Section 1692f(8) should not be construed mechanically. *See Davis v. Baron's Creditors Serv. Corp.*, No. 00 C 4104, 2001 WL 1491503, at *5 (N.D. Ill. Nov. 20, 2001) (rejecting plaintiff's argument that the "statute's plain language establishes a presumption that anything other than the debt collector's address violates the statute" and noting that several other courts had adopted a benign language exception to Section 1692f(8)); *see also Waldron v. Prof'l Med. Mgmt.*, No. 12-1863, 2013 WL 978933, at *5 (E.D. Penn. March 13, 2013) (adopting a benign language exception and finding no violation of Section 1692f(8) where debt collection envelope displayed a "seemingly random series of letters and numbers that only Defendant [could] decipher"); *Lindbergh v. Transworld Sys., Inc.*, 846 F. Supp. 175, 180 (D. Conn. 1994) (rejecting plaintiff's

7

"mechanical interpretation" of Section 1692f(8) and finding no violation even though envelope bore a stripe across it and contained the word "Transmittal"); *Masuda v. Thomas Richards & Co.*, 759 F. Supp. 1456, 1466 (C.D. Cal. 1991) (concluding that envelope bearing the words "PERSONAL & CONFIDENTIAL" and containing a notice that "theft of mail or obstruction of delivery is a federal crime" did not violate Section 1692f(8), because purposes of the FDCPA would not be advanced by construing it to prohibit "benign language").

On the other hand, where words or symbols on an envelope indicate that the letter pertains to a debt or otherwise invades a consumer's privacy, courts have not hesitated to find a violation of 1692f(8), or at least to allow the claim to proceed further. *See Douglass v. Convergent Outsourcing*, 765 F.3d 299, 301-03 (3rd Cir. 2014) (vacating summary judgment for defendant where quick-response code was visible through a windowed envelope, and "when scanned by a device such as a smart phone," the code could "expose [plaintiff's] financial predicament," thus triggering privacy concerns under the FDCPA); *Davis*, 2001 WL 1491503, at *5 (denying parties' cross-motions for summary judgment where envelope listed a return address of "Baron's Creditor's Services Corporation," because it was an issue of fact whether an unsophisticated consumer would view the mailing as being from a debt collector); *Rutyna v. Collection Accounts Terminal, Inc.*, 478 F. Supp. 980, 982 (N.D. Ill. 1979) (entering judgment for plaintiff where envelope listed a return address of "COLLECTION ACCOUNTS TERMINAL, INC.," which indicated that the mailing was from a debt collector in violation of 1692f(8)).

Plaintiff urges this Court against adopting a benign language exception. (R. 34, Pl.'s Resp. at 6-7.) But Plaintiff's argument that Section 1692f(8) prohibits *any* markings, no matter how innocuous, fails to account for the opening paragraph of Section 1692f, which provides that

8

the Section applies to "unfair or unconscionable" conduct by debt collectors. *See* 15 U.S.C. §1692f. In construing a statute, the Court must always "read the words in their context and with a view to their place in the overall statutory scheme." *King v. Burwell*, ---S. Ct.----, 2015 WL 2473448, at *8 (June 25, 2015) (internal quotation marks and citation omitted). The Court's "duty, after all, is to construe statutes, not isolated provisions." *Id.* (internal quotation marks and citation omitted); *see also Dahlstrom v. Sun-Times Media, L.L.C.*, 777 F.3d 937, 943 (7th Cir. 2015) ("Interpretation of a word or phrase depends upon reading the whole statutory text, considering the purpose and context of the statute.").

Considering Section 1692f(8) in context and in light of the purposes of the FDCPA, it is clear to this Court that the provision was only intended to prohibit markings that could be considered unfair or unconscionable, not those that are innocuous or benign. This reading is consistent with the commentary issued by the Federal Trade Commission ("FTC"), an agency that "holds some interpretative and enforcement authority with respect to the FDCPA[.]" *Gulley v. Markoff & Krasny*, 664 F.3d 1073, 1074 (7th Cir. 2011) (citation omitted). The FTC's commentary states:

> [A] rigid, literal approach to [Section 1692f(8)] would lead to absurd results (i.e., taken literally, it would prohibit showing any part of the consumer's address on the envelope). The legislative purpose was to prohibit a debt collector from using symbols or language on envelopes that would reveal that the contents pertain to debt collection—not to totally bar the use of harmless words or symbols on an envelope.

FTC Staff Commentary On the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097-02, 50099 (Dec. 13, 1988). Although the FTC's commentary is "not binding on the courts because it is not a formal regulation and did not undergo full agency consideration," *McMillan*, 455 F.3d at 764, it is entitled to the Court's "respectful consideration," *Gulley*, 664 F.3d at 1075 (citation omitted). The FTC's interpretation is also supported by the legislative history of the FDCPA.

The bill's Senate report states that Section 1692f(8) was intended to prevent debt collectors from embarrassing debtors by announcing their delinquency on the face of a dunning letter envelope:

> A debt collector is prohibited from using any unfair or unconscionable means to collect debts. The following enumerated practices are violations: . . . communicating information about a debt by postcard; and using symbols on envelopes indicating that the contents pertain to debt collection.

S. Rep. No. 95-382, at 8 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1702.

Plaintiff nevertheless argues that under the Third Circuit's reasoning in *Douglass*, the complaint states a valid claim. (*See* R. 34, Pl.'s Resp. at 8-10.) *Douglass* is not binding on this Court, but in any event the Court finds the case distinguishable. There, the envelope at issue contained an account number and a visible code, which, when scanned by a smart phone or similar device, revealed various personal information about the plaintiff, including the "monetary amount corresponding to [the plaintiff's] alleged debt." *Douglass*, 765 F.3d at 300. The Third Circuit found it necessary to employ a strict reading of Section 1692f(8) in this context, because the information on the envelope implicated "a core concern animating the FDCPA—the invasion of privacy." *Id.* at 303.

In this case, by contrast, a strict interpretation of the FDCPA is not needed to protect Plaintiff from an invasion of privacy or from unscrupulous, embarrassing, or harassing conduct by a debt collector. Plaintiff does not allege that someone viewing the envelope could use the string of numbers to obtain information about the amount of his debt or other private information; instead, the gist of his claim is that the mere presence of the numbers violated Section 1692f(8). (R. 10-1, Second Am. Compl. ¶¶ 19-28.) But an unsophisticated consumer viewing the envelope could not plausibly divine that the letter inside was associated with a delinquent debt. Plaintiff has not alleged, nor is there any basis to infer, that the account number embedded in the string of numbers would have meaning to anyone other than Defendant. The

number is not identified in any way as an account number, and this same number is printed on the envelope just below Defendant's return address. (*See* R. 5-1, Ex. C.) Someone viewing the envelope could just as easily conclude that the numbers were part of a postal code and that the letter consisted of unwanted junk mail. *See Strand*, 380 F.3d at 319 ("Even from the perspective of an unsophisticated consumer, the envelopes must have appeared indistinguishable from the countless items of so-called junk mail found daily in mailboxes across the land."). It might be a closer question if Defendant's name bore some indication that it was involved in the debt collection business, but "FMS, Inc." is entirely innocuous.

In a recent case, our respected colleague U.S. District Judge Milton I. Shadur struck a complaint alleging a similar claim based on a string of numbers and symbols appearing on a debt collection envelope. *See Sampson v. MRS BPO*, No. 15 C 2258 (N.D. Ill. Mem. Op. & Order dated Mar. 17, 2015). As Judge Shadur aptly observed:

> In order for any hypothetical member of the public who views the envelope . . . to be able to perceive that debt collection is involved and is at issue, so that [defendant] assertedly used unfair and unconscionable means to collect a debt . . . that member of the public would have to be blessed (or cursed?) with x-ray vision that enabled him or her to read the letter contained in the sealed and assertedly offending envelope. Absent that, any deciphering of the impenetrable string of numbers and symbols on the outside of the . . . envelope would have to depend on some sort of divination. That is simply not the stuff of which any legitimate invocation of the Act or its constructive purposes can be fashioned.

*Id.* (internal quotation marks and citations omitted). This Court agrees. Because the string of numbers appearing on the envelope is benign, the Court finds that the numbers did not violate

Section 1692f(8). Plaintiff has failed to state a plausible claim for relief under the FDCPA and, therefore, this action is dismissed.[5]

## CONCLUSION

For the reasons set forth above, FMS, Inc.'s motion to dismiss for failure to state a claim (R. 16) is GRANTED. This action is DISMISSED WITH PREJUDICE.

ENTERED:

**Chief Judge Rubén Castillo**
**United States District Court**

**Dated: July 6, 2015**

---

[5] The Court is cognizant of the Seventh Circuit's holding that "[g]enerally, if a district court dismisses for failure to state a claim, the court should give the party one opportunity to try to cure the problem, even if the court is skeptical about the prospects for success." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). In that case, however, the plaintiff specifically requested an opportunity to amend the complaint in response to the defendant's motion to dismiss. *Id.* at 561-62. Plaintiff has made no such request in this case, nor has he otherwise suggested how he might amend his complaint to state a viable claim under Section 1692f(8). Instead, Plaintiff argues that his complaint as pled adequately states a claim for relief under the FDCPA, relying on the *Conley* standard, (*see* R. 34, Pl.'s Resp. at 3, 10), which as noted above is no longer the proper standard for deciding a motion to dismiss.